USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7 9 07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff(s),      02 Cr. 122 (JGK)

      - against -             MEMORANDUM OPINION AND
                                                 ORDER

THOMAS M. RITTWEGER,

                    Defendant(s).

JOHN G. KOELTL, District Judge:

    The defendant, Thomas Rittweger, was convicted following a jury trial of thirteen counts, including securities fraud, wire fraud, conspiracy to commit securities fraud and wire fraud, travel in aid of commercial bribery, and conspiracy to commit securities fraud, wire fraud, and travel in aid of commercial bribery. He was sentenced principally to 135 months imprisonment. He has appealed his judgment of conviction and that appeal is pending before the Court of Appeals. He now moves for a new trial pursuant to Federal Rule of Criminal Procedure 33 on the grounds of "newly discovered evidence."

    While the case is on appeal, this Court retains the jurisdiction to deny a Rule 33 motion, but it may not grant such a motion unless the Court of Appeals first remands the case. United States v. Brodwin, 292 F. Supp. 2d 484, 486 (S.D.N.Y. 2003) (citing United States v. Camacho, 302 F.3d 35, 36 (2d Cir. 2002) (per curiam)). If it deems it appropriate, this Court may

recommend to the Court of Appeals that the case be remanded for the entry of an order for a new trial. Camacho, 302 F.3d at 36-37.

The district court "has 'broad discretion' to decide Rule 33 motions based upon its evaluation of the proof produced . . . because, having presided over the trial, it is in a better position to decide what effect the newly discovered materials might have had on the jury." United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995) (citations omitted). Nevertheless, "[the] district court must exercise 'great caution' in determining whether to grant a retrial on the ground of newly discovered evidence, and may grant the motion only in the most extraordinary circumstances." United States v. Spencer, 4 F.3d 115, 118 (2d Cir. 1993) (emphasis in the original).

Rule 33 states that the district court may grant a defendant's motion for a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Rule 33 "specifically contemplates that such motions may be made based on newly-discovered evidence." United States v. Siddiqui, 959 F.2d 1167, 1173 (2d Cir. 1992). "Relief is justified under [R]ule 33 if the defendant makes a showing that the evidence is in fact 'new', i.e., it could not have been discovered, exercising due diligence, before or during trial, and that the evidence is so material and non-cumulative that its admission 'would probably

2

lead to an acquittal.'" Id. (quoting United States v. Alessi, 638 F.2d 466, 479 (2d Cir. 1980)); see also United States v. Slutsky, 514 F.2d 1222, 1225 (2d Cir. 1975).

The defendant maintains that the February 24, 1999 Memorandum from Richard Blech to the defendant concerning "Marketing Representation[s]" ("Memorandum") is new and exculpatory evidence that should have been produced to the defense. The document contains a Bates Stamp number that the defendant contends was covered by an evidence sticker when it was admitted at trial. The defendant argues that the Memorandum was inconsistent with the Government's theory of the conspiracy at trial and would have undermined the testimony of Mr. Blech, a co-defendant who pleaded guilty and was cooperating with the Government. The argument is without merit.

A copy of the Memorandum was in fact produced during trial and introduced as Government Exhibit 359 during the Government's direct examination of Mr. Blech. (Trial Transcript ("Tr.") 383-389; see also Def.'s Mot. for a New Trial at 8.) On cross-examination of Mr. Blech and in summation, the defense attempted to argue that Mr. Blech had fabricated the document. (Tr. 1016-1017, 3290-3295.) Certainly, the document was produced in sufficient time for the defendant to make all the arguments that he now seeks to make--namely, that the document should be read to be exculpatory and not inculpatory. Moreover, the defendant

3

fails to explain the significance of the Bates Stamp number on the document or how he or his counsel could have been misled by the existence of an evidence sticker over the Bates Stamp number. Hence, the defendant has failed to show that the asserted evidence is new, that the Bates Stamp number (to the extent that it has any relevance) could not have been discovered during the trial, that the evidence is exculpatory, or that it would probably have produced a different result at trial.

For the foregoing reasons, the motion for a new trial pursuant to Federal Rule of Criminal Procedure 33 is **denied**.

SO ORDERED.

Dated:   New York, New York
         July 3, 2007

                                        _____
                                              John G. Koeltl
                                        United States District Judge