**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------
**UNITED STATES OF AMERICA,**

                Respondent,           02 Cr. 122 (JGK)

      - against -                  **MEMORANDUM OPINION AND**
                                                      **ORDER**
**THOMAS RITTWEGER,**

                Petitioner.
------------------------------------------------------------

**JOHN G. KOELTL, District Judge:**

The petitioner has moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that his offense level should be reduced for "Credits Against Loss" pursuant to the United States Sentencing Guidelines § 2B1.1, Application Note 3(E).

**I.**

Thomas Rittweger ("the petitioner") was found guilty by a jury on June 26, 2003 of securities fraud, wire fraud, commercial bribery, and conspiracy to commit securities fraud, wire fraud, and commercial bribery in violation of 15 U.S.C. §§ 78j(b) & ff; 18 U.S.C. §§ 1343, 1346, 1952(a)(3), & 371. The petitioner's crimes began in 1996 and ended in 1999. (See Probation Office's Presentence Investigation Report ¶ 2-6 "Presentence Report".) In 1999, when the petitioner's crimes were completed, the United States Sentencing Guidelines in effect were dated November 1, 1998.

The petitioner was sentenced by this Court on June 1, 2005 principally to 135 months imprisonment, three years supervised release, and restitution of over $18 million.  (Sentencing Tr. "Tr." 49-50.)  By agreement of the parties, the sentence was imposed under the United States Sentencing Guidelines that were effective November 1, 1998.  (Tr. 24.)  This was consistent with the Probation Department recommendation to use those Guidelines because use of the Guidelines in effect on the date of sentence would raise ex post facto issues.  See Presence Report ¶¶ 82, 83 (citing U.S.S.G. § 1B1.11(b)(1)).

After the November 1998 Guidelines ("1998 Guidelines")[1] became effective, but prior to the petitioner's sentencing, the United States Sentencing Commission adopted an amendment changing United States Sentencing Guidelines § 2B1.1, application note 3(E).  See U.S. Sentencing Guidelines Manual § 2B1.1, application note 2(E) (2001); U.S. Sentencing Guidelines Manual app. C, amend. 617.  Application Note 2(E) was adopted in Amendment 617 and was effective as of November 1, 2001.  The language in Application Note 2(E) was redesignated 3(E) as of November 1, 2003, which was still before the date of petitioner's sentencing.  See U.S. Sentencing Guidelines Manual app. C, amend. 653.

---

[1] The Court applied the November 1, 1998 Guidelines at sentencing, although the parties in their briefs refer to the guidelines used at sentencing as the 1999 Guidelines.  Because there were no amendments to the Guidelines in 1999, this discrepancy is immaterial.

On May 12, 2009 the petitioner moved for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2), arguing that his offense level should be reduced under the "Credits Against Loss" provision of the United States Sentencing Guidelines § 2B1.1, Application Note 3(E).  (Pet'r's Mot. for Resentencing Reduction under 18 U.S.C. § 3582(c)(2).)  At the time, the petitioner mistakenly believed the amendment had become effective February 6, 2008, after the petitioner's sentencing.  Upon learning from the Court that the amendment was effective November 1, 2001, the petitioner agreed to withdraw his motion for a sentencing reduction.  See United States v. Rittweger, No. 02 Cr. 122, 2009 WL 2223051, at *1 (S.D.N.Y. July 16, 2009).  However, in a letter to the Court dated July 21, 2009, the petitioner indicated that he no longer wished to withdraw his § 3582(c)(2) motion.[2]

**II.**

The petitioner moves for a reduction of his sentence on the grounds that the "Credits Against Loss" provision of § 2B1.1 was adopted after the 1998 Guidelines, under which the petitioner was sentenced.  See U.S. Sentencing Guidelines Manual § 2B1.1, application note 2(E) (2001).  According to the petitioner, his

---

[2] In a recent submission to the Court, dated August 27, 2009, the petitioner argues that the relevant loss is substantially less than that used by the Court at sentencing.  However, the petitioner does not explain why this contention is a basis for resentencing under § 3582(c)(2).  Any arguments that there was an error in the sentence should been asserted on appeal, or to the extent available, in a motion pursuant to 28 U.S.C. § 2255.

3

co-defendant Blech returned collateral pledged to financial institutions to CBL customers.  The petitioner argues that this returned collateral should be credited in re-calculating the losses caused by his crimes, under § 2B1.1, Application Note 3(E).

The Government responds that the defendant is not eligible for a sentence reduction.  According to the Government, the 1998 Guidelines were used at the petitioner's sentencing rather than the November 1, 2004 Guidelines ("2004 Guidelines")[3] then in effect because the 1998 Guidelines resulted in a lower offense level.  Because § 2B1.1, Application Note 3(E) was already in effect at the time of the petitioner's sentencing, he was free to make his argument for a reduction at that time.

18 U.S.C. § 3582(c)(2) provides that a court may reduce a defendant's sentence if the defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  The relevant policy statement is § 1B1.10 of the Guidelines, which provides that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not

---

[3] As of the date of sentencing, the most recent Guidelines were published November 1, 2004.  The parties in their briefs refer to the November 1, 2003 Guidelines.  Because the relevant provision in the 2003 and 2004 Guidelines is identical, the discrepancy is immaterial.

4

authorized under 18 U.S.C. § 3582(c)(2) if (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S. Sentencing Guidelines Manual §§ 1B1.10(a)(2)(B) (2008).

### III.

#### A.

This Court usually must apply the Sentencing Guidelines in effect at the time of sentencing. See United States v. Kilkenny, 493 F.3d 122, 126-27 (2d Cir. 2007); United States v. Hudson, No. 05 Cr. 877, 2008 WL 4164106, at *3 (E.D.N.Y. Sept. 5, 2008); United States v. Weisberg, No. 07 Cr. 66, 2008 WL 2323376, at *4 (W.D.N.Y. Jun. 2, 2008). The "one book" rule further requires the Court to "apply the correct version in its entirety." Hudson, 2008 WL 4164106, at *3 (citing United States v. Stephenson, 921 F.2d 438, 441 (2d Cir. 1990). See also Weisberg, 2008 WL 2323376, at *4 (citing United States v. Santopietro, 166 F.3d 88 (2d Cir. 1999).

However, when the Sentencing Guidelines in effect at the time of sentencing would impose a greater sentence than the Sentencing Guidelines in effect at the time the offense was committed, "the Ex Post Facto Clause requires the use of the earlier version of the Guidelines." Kilkenny, 493 F.3d at 127

5

(citing United States v. Keller, 58 F.3d 884, 889 (2d Cir. 1995).  See also Weisberg, 2008 WL 2323376, at *4.

Here, the Court used the 1998 Guidelines in sentencing the petitioner because the 2004 Guidelines would have imposed a greater sentence.  (See Presentence Report ¶¶ 82-83.)  See also, U.S. Sentencing Guidelines Manual § 1B1.11(b)(1) ("If the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.")  Thus, the Government is correct that if the 2004 Guidelines would have resulted in a lower sentence, the petitioner was free to argue that they should apply at the time he was sentenced.  As between the Guidelines in effect at the time of the crime and the Guidelines in effect at sentencing, the Court must choose the Guideline resulting in the lowest sentence.  What the Court may not do, however, is cherry pick provisions from each set of Guidelines.

**B.**

Once the petitioner has been sentenced, the general rule is that this Court may not modify the sentence.  See United States v. Martinez, 572 F.3d 82, 84 (2d Cir. 2009) (quotation omitted); United States v. Savoy, 567 F.3d 71, 72 (2d Cir. 2009) (per curiam); Hudson, 2008 WL 4164106, at *1.  However, a sentencing

6

reduction under 18 U.S.C. § 3582(c)(2) may be authorized in "limited circumstances." Martinez, 572 F.3d at 84; see also Savoy, 567 F.3d at 72. A reduction under § 3582(c)(2) "is only appropriate if (a) the defendant was sentenced based on a sentencing range that has subsequently been lowered by the Sentencing Commission and (b) the reduction is consistent with applicable policy statements issued by the Sentencing Commission." Martinez, 572 F.3d at 84 (internal quotation and citation omitted).

The petitioner argues that he is eligible for resentencing under § 3582 because the "Credits Against Loss" provision of the Sentencing Guidelines § 2B1.1, Application Note 3(E) was adopted after the 1998 Guidelines, under which the petitioner was sentenced. However, § 2B1.1 was adopted prior to the petitioner's sentencing date. Therefore, this is not a case where the sentencing range has been lowered after the sentence was imposed. Therefore, § 3582 provides no basis to reduce the petitioner's sentence.

Moreover, the relevant amendments in this case, amendments 617 and 653, are not listed in subsection (c) of U.S. Sentencing Guidelines Manual 1B1.10. In other words, the "Credits Against Loss" provision has not been made retroactive. Thus, the petitioner has no basis to argue for retroactivity.

7

Finally, the Court notes that any complaints about the sentence that was imposed should have been raised on the petitioner's direct appeal or should be raised in a motion under 28 U.S.C. § 2255.

## CONCLUSION

For the reasons stated above, the petitioner's motion for a sentence reduction under 18 U.S.C. 3582(C)(2) is **denied**.

**SO ORDERED.**

Dated:    New York, New York
         October 30, 2009

                                    _____
                                            John G. Koeltl
                                    United States District Judge